HOOSIER MANUFACTURING COMPANY ET AL. *v.* BERRY.

[No. 24,258. Filed December 8, 1925. Rehearing denied March 11, 1926.]

1. MUNICIPAL CORPORATIONS.—*Ordinance prohibiting the passing of street cars by automobiles in contravention of statute regulating that matter held void.*—A city ordinance prohibiting motor vehicles from passing a street car at a street intersection regardless of whether the street car was stopped, being in conflict with certain provisions of §§10476a, 10476d Burns 1914 and §104761 Burns' Supp. 1921, which prescribed regulations for the use and operation of motor vehicles, was void, under the provisions of §10476d Burns 1914, and therefore an instruction predicating negligence on the violation of said ordinance was erroneous.  p. 373.

2. NEGLIGENCE.—*Instruction directing verdict for plaintiff if jury found that defendant had violated city ordinance as alleged in complaint was reversible error when ordinance invalid because in contravention of state law.*—In an action for personal injuries based on defendant's negligence in driving an automobile past a street car at a street intersection in violation of a city ordinance which was invalid by reason of being in contravention of the state law regulating the use of automobiles, an instruction based wholly thereon and, in effect, directing a verdict for the plaintiff if the jury found the ordinance had been violated as alleged in the complaint, was reversible error.  p. 373.

From Hancock Circuit Court; *Jonas P. Walker,* Judge.

Action by John Berry against the Hoosier Manufacturing Company and others.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Orbison, Zechiel & Orbison* and *Jackson & Hinchman,* for appellants.

*Beckett & Beckett,* for appellee.

TRAVIS, J.—The question in this case is whether a section of an ordinance of the city of Indianapolis is inconsistent with one of the general laws of the state. (§1079c, p. 334, Municipal Code Indianapolis 1917. §§14 and 17, ch. 300, Acts 1913, §§10476a, 10476d Burns 1914.   Ch. 106, Acts 1917, §104761 Burns' Supp. 1921.)

Appellee, the plaintiff below, was injured after having alighted from a street car within the city of Indianapolis by being struck by appellants' automobile; and counts upon violation of §1079c, *supra,* by defendants as actionable negligence.   The section of the ordinance is as follows:   "The driver of a vehicle overtaking a street car shall not pass such car at a street intersection, and in case such street car is stopped to take on or let off passengers, the driver of the vehicle overtaking such car shall wait until such car has started before

proceeding. Passengers boarding or alighting from street cars shall have the right of way over any vehicle until they have had ample opportunity to board said car, or, after leaving the same, to reach the sidewalk upon which it is their intention to depart from said crossing."

Each of the defendants demurred to the complaint for want of facts, one of the reasons of the memoranda thereto being: "the alleged ordinance upon which plaintiff's complaint is bottomed and which is set out in the body thereof is * * * void." The demurrers were overruled and exceptions taken and the general issue pleaded. Upon a trial of the issue, the jury returned a verdict for plaintiff awarding $10,000 damages, which was followed by judgment. Appellants' motion for a new trial because of error in giving instructions was overruled, which ruling is assigned as error upon appeal.

Appellants have abandoned their several exceptions to the overruling of their demurrers as one of the errors assigned, and rely wholly for reversal of the case upon the error of the trial court in giving an instruction to the jury which was based entirely upon §1079c, *supra,* which instruction verbatim is: "Instruction No. 23. An ordinance of the city of Indianapolis has been introduced in evidence which provides that 'the driver of a vehicle overtaking a street car shall not pass such car at a street intersection.' The court instructs you that the violation of this ordinance would be negligent in itself. So in this case if you find from the evidence that defendant, Edward F. Leffler, overtook with the automobile he was driving and drove the same past the street car in question on which the plaintiff was a passenger, at the intersection of East Tenth Street and Arsenal Avenue, within the city of Indianapolis, and drove said automobile against the plaintiff as he was

alighting from said street car at said intersection, you will find him guilty of negligence, and if you further find said negligence the proximate cause of plaintiff's injuries if any, without his fault, then your verdict should be for the plaintiff, against the defendant Leffler, and if you find all of the above facts, and in addition thereto, that said Leffler, at the time was the servant of defendant Hoosier Manufacturing Company, and acting in the line of and within the scope of his employment, you will find a verdict for the plaintiff against the defendant Hoosier Manufacturing Company also. In other words, if you find all the facts stated in this instruction your verdict should be for the plaintiff against both defendants."

Section 10476a, *supra*, provides: "In approaching or passing a car of a street railway that has been stopped to allow passengers to light or embark, the operator of every motor vehicle or motor bicycle shall slow down and, if it be necessary for the safety of the public, he shall bring said vehicle to a full stop."

And §10476l, *supra*, provides: "That it shall be unlawful for an operator of any motor vehicle * * * to pass a street car * * * at a lateral distance of less than 20 feet on the streets of any city or town in this state when such car has been stopped to allow passengers to light or embark thereon during the time such car remains stopped for that purpose, and when an operator of any such motor vehicle * * * shall approach any such street car * * * thus stopped where the condition of the road or street will not permit him to pass at a lateral distance of at least 20 feet, it shall be his duty to stop the vehicle operated by him not less than six feet in the rear thereof," etc.

And in §10476d, *supra*, it will be noted that the prohibitory statute "declares to be of no validity or effect" an ordinance "heretofore or hereafter" made by a city,

which limits the use of motor vehicles, "except as in this section (17) provided." None of the exceptions named have reference to the prohibition declared by the ordinance here questioned.

Appellee maintains that the ordinance is valid and applicable because it has relation to a moving street car, as well as one that has been stopped to permit passengers to "light or embark," and that, inasmuch as there was evidence that the street car was moving, and not stopped, when appellee alighted therefrom, there was a condition susceptible of being maintained by a verdict that the statute did not contemplate. His point is not applicable to sustain the section of the ordinance, because, even though the intention of the common council in the ordinance was to stop a motor vehicle which was near to and following a street car and thereby not permit it to pass such street car at a street intersection so that passengers might alight from the street car when the car was in motion, such ordinance limits the use of a motor vehicle which is permitted by the statute. The statute of 1913 did not pretend to stop a motor vehicle when about to pass a street car which had been stopped to allow passengers to get on or off the car, but only to "slow down" and to come to a stop only "if it be necessary for the safety of the public." Later, in 1917, the law was made more stringent, by providing that one might not pass a standing street car, which had been stopped to allow passengers to get on or off the car, unless such motor vehicle passed such standing street car at a lateral distance of twenty feet. To make it unlawful to pass a moving street car would limit and restrict the use of motor vehicles, which plainly contravenes the statute. (§17, ch. 300, Acts 1913, *supra*.)

Appellee maintains that the ordinance, in prohibiting a motor vehicle from passing a street car at an in-

tersection, is regulatory, and does not contravene the statutes. Granting this point, for the sake of the argument only, the remainder of the ordinance plainly is inconsistent with the statute, in that the ordinance provides a rule for the operation of a motor vehicle in a situation that is provided for by the statutes. Appellee says further under this proposition, there being evidence that at the time the motor vehicle passed the street car, the street car was in motion at a place beyond the street intersection, the ordinance, being merely regulatory, and the statute not providing a rule for stopping a motor vehicle when passengers were getting off a moving street car at a point in the street which was not a street intersection, such ordinance as to its first part was consistent with the statute. Were this proposition sound, the first and second parts of the ordinance are so interlocked that to strike down part of it, leaves the remainder meaningless, when considering its apparent intent. The conclusion follows that the ordinance must be declared to be of no validity or effect.

The instruction to the jury in question is built upon the violation of the ordinance. There being no such ordinance to violate, the instruction is without foundation. To have followed it, the jury must report an erroneous verdict. Because the instruction was founded upon an ordinance which was invalid and of no effect, the giving it for a guidance to the jury was error, and because there was evidence which relied upon the ordinance, and it being apparent that the verdict rests upon this instruction, the error in giving it to the jury was prejudicial.

Appellant claims that another one of the court's instructions to the jury was erroneous, based upon "what is a street intersection" under the uncontradicted evidence. In as much as the section of the ordinance

here is held invalid and of no effect, this question cannot arise upon another trial, and it is unnecessary to decide this question.

Judgment reversed. The trial court is ordered to sustain appellants' motion for a new trial.